IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT F. DALTON, JR.,
Plaintiff,
v.
JAMES M. BAKER, et al.,
Defendants.

) Civ. No. 09-350-SLR

**MEMORANDUM ORDER**

At Wilmington this 23rd day of July, 2009, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915, and that plaintiff is given leave to file an amended complaint, for the reasons that follow:

1. **Background**. Robert F. Dalton, Jr., ("plaintiff"), alleges defendants violated his right to equal protection and due process in failing to issue a building permit and depriving him of a protected property interest in violation of 42 U.S.C. § 1983. Plaintiff appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to §1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which

the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

5. **Discussion**. The complaint names several defendants: James M. Baker, Leo Lynch, Paul Hart, William S. Montgomery, Jefferey J. Starkey, and James DiPinto, and alleges in a conclusory manner that each had "personal involvement in the events discussed herein." (D.I. 2, ¶¶ 3, 4, 5, 6, 7, 8, 9, 10) The City of Wilmington is also a named defendant. The complaint contains the contentious history among plaintiff, his neighbors, and certain Wilmington police officers, none of whom are named defendants.

6. The allegations directed against all defendants are as follows: It was necessary for plaintiff repair his sidewalk in order to obtain more cost effective homeowner's insurance. He contacted the City of Wilmington Department of Licenses & Inspections for information on sidewalk repair, and left a telephone message for defendant James DiPinto ("DiPinto") who never returned the call. When after some time he received no response, plaintiff began the sidewalk repair. As plaintiff neared the end of the sidewalk excavation, an inspector with the Department of Licenses and

Inspections issued a stop work order and advised plaintiff to retain a licensed contractor to complete the work. Plaintiff located a city licensed contractor who proceeded to obtain the required permit, only to be told that licensed contractors were no longer permitted to perform finished cement work; that the work must be performed by certified, bonded masons. Plaintiff was issued two citations for City of Wilmington code violations and, on May 15, 2007, was tried, convicted, and fined.

7. Plaintiff alleges that there are many instances of new sidewalk construction without the benefit of the proper paperwork or a certified mason but that he was singled out for different and unprecedented treatment in violation of his right to equal protection. He also alleges that he was deprived of his protected property interest to enjoy, use, and modify his property in violation of his right to due process.

8. The complaint alleges that DiPinto failed to return plaintiff's telephone call. This allegation does not rise to the level of a constitutional violation. As to the remaining individual defendants, there are no allegations directed towards them other than the generalized statements that they had personal involvement in the events discussed in the complaint. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Inasmuch as the complaint is deficiently pled, it will be dismissed. However, since it appears plausible that plaintiff may be able to articulate a claim against some or all of these defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave

to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

9. **Conclusion**. For the foregoing reasons, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915. The amended complaint shall be filed within **thirty (30) days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

UNITED STATES DISTRICT JUDGE