IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT F. DALTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-350-SLR |
| | ) |
| LEO LYNCH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 31st day of August, 2009, having screened the amended complaint pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the amended complaint is dismissed pursuant to 28 U.S.C. § 1915, and the case is closed, for the reasons that follow:

1. **Background.** Plaintiff Robert F. Dalton, Jr. ("plaintiff") alleges defendants violated his right to equal protection and due process in failing to issue a building permit and depriving him of a protected property interest in violation of 42 U.S.C. § 1983. Plaintiff appears pro se and has been granted leave to proceed in forma pauperis. On July 22, 2009, upon screening, the court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915. (D.I. 5) Plaintiff was given leave to amend the complaint. He filed the amended complaint on August 21, 2009. (D.I. 6) The amended complaint dismissed two defendants who were originally named, James M. Baker and William S. Montgomery.

2. **Standard of Review.** When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or

2

Case 1:09-cv-00350-SLR   Document 7   Filed 09/02/09   Page 3 of 4 PageID #: 39

to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown-that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

5. **Discussion**. The court's July 22, 2009 memorandum opinion sets forth the allegations in the original complaint. There is no need to discuss the allegations in the amended complaint inasmuch as they are virtually identical to those found in the original complaint.[1] Plaintiff has merely omitted certain paragraphs without curing the pleading deficiencies.

6. The amended complaint is frivolous. As in the original complaint, it provides no particulars to allow defendants to adequately respond to the allegations. It merely provides legal conclusions without sufficient factual matter to state a claim for relief. The one specific allegation is that defendant James DiPinto failed to return plaintiff's

---

[1] In support of the allegations, the original complaint and amended complaint rely upon *Schadt v. Latchford*, 843 A.2d 689 (Del. 2004). In *Schadt*, the Delaware Supreme Court determined that a City of Wilmington ordinance making property owners responsible for the maintenance and repair of abutting public sidewalks conflicted with its Home Rule Charter, which placed that duty on the City of Wilmington. The Delaware Supreme Court held that the City of Wilmington "repair and maintenance" ordinance was invalid because that conflicting ordinance was not implemented in accordance with the procedures for amending the City of Wilmington's Home Rule Charter. From the allegations, it appears that the sidewalk in question is not a public sidewalk and, therefore, *Schadt* is inapplicable.

3

telephone call. As previously discussed, this allegation does not rise to the level of a constitutional violation. As before, with regard to the remaining individual defendants, there are no allegations directed towards them other than the generalized statements that they had personal involvement in the events discussed in the complaint. See *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). With regard to defendant City of Wilmington, the amended complaint fails to identify an allegedly unconstitutional policy or custom. See *Board of the County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997). Nor does it adequately allege other elements required for municipality liability.

7. The court has given plaintiff an opportunity to correct his pleading deficiencies, to no avail. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). Therefore, the court will dismiss the claim pursuant to 28 U.S.C. § 1915.

8. **Conclusion**. For the foregoing reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. See *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). The clerk of court is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE